# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRISTINE SMITH, | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) No. 12-1378-JWL |
| CAROLYN W. COLVIN,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Social Security Disability (SSD) benefits and Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding no error, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

**I.    Background**

---

[1]On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Colvin is substituted for Commissioner Michael J. Astrue as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

Plaintiff applied for SSD and SSI, alleging disability beginning October 12, 2008. (R. 14, 126-31). In due course, Plaintiff exhausted proceedings before the Commissioner and now seeks judicial review of the final decision denying benefits. She alleges the Administrative Law Judge (ALJ) erred in several ways in assessing her residual functional capacity (RFC).

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by

other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's RFC. 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord,

Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Applying this standard, the court finds no error as alleged by Plaintiff in the decision at issue. Plaintiff claims the ALJ erred in three respects, by failing to accord sufficient weight to the opinion of her treating neurologist, Dr. Lynch, by relying on the opinion of a nonexamining medical expert, Dr. Goren, over that of her treating neurologist, and by erroneously determining that her allegations of symptoms are not credible. The Commissioner argues that the ALJ appropriately considered the medical opinions, and that the ALJ provided reasons for finding Plaintiff's allegations not credible which are supported by the record evidence. The court addresses each issue presented by Plaintiff, but although Plaintiff addressed the ALJ's evaluation of Dr. Lynch's opinion separately from his evaluation of Dr. Goren's opinion, the court will address the ALJ's evaluation of the medical opinions together. Then it will address Plaintiff's credibility argument.

## II. Evaluation of Medical Opinions

Plaintiff claims the ALJ did not give sufficient weight to the opinion of her treating neurologist, Dr. Lynch. Specifically, she argues that the opinion should have been give controlling weight, that the ALJ did not give legally sufficient reason for dismissing the treating source opinion, and that the record evidence supports Dr. Lynch's opinion. She

4

also claims that the ALJ relied too heavily on the opinion of the testifying medical expert, Dr. Goren, who is a nonexamining source, and did not cite record evidence justifying according greater weight to the nonexamining source opinion than to Dr. Lynch's treating source opinion. The Commissioner argues that Plaintiff has not met her burden to prove that Dr. Lynch is a treating source, that the evidence supports discounting Dr. Lynch's opinion, and that the ALJ appropriately considered the medical opinions and properly accorded "little weight" to Dr. Lynch's opinion and "more weight" to the opinion of the medical expert who testified at the hearing, Dr. Goren.

Medical opinions may not be ignored, and unless a treating source opinion is given controlling weight, all medical opinions will be evaluated by the Commissioner in accordance with factors contained in the regulations. Id. §§ 404.1527(d), 416.927(d); SSR 96-5p, West's Soc. Sec. Reporting Serv., Rulings 123-24 (Supp. 2013). A physician who has treated a patient frequently over an extended period of time (a treating source)[2] is expected to have greater insight into the patient's medical condition, and his opinion is generally entitled to "particular weight." Doyal v. Barnhart, 331 F.3d 758, 762 (10th Cir. 2003). But, "the opinion of an examining physician [(a nontreating source)] who only

---

[2]The regulations define three types of "acceptable medical sources:"
"Treating source:" an "acceptable medical source" who has provided the claimant with medical treatment or evaluation in an ongoing treatment relationship. 20 C.F.R. §§ 404.1502, 416.902.
"Nontreating source:" an "acceptable medical source" who has examined the claimant, but never had a treatment relationship. Id.
"Nonexamining source:" an "acceptable medical source" who has not examined the claimant, but provides a medical opinion. Id.

5

saw the claimant once is not entitled to the sort of deferential treatment accorded to a treating physician's opinion." Id. at 763 (citing Reid v. Chater, 71 F.3d 372, 374 (10th Cir. 1995)). However, opinions of nontreating sources are generally given more weight than the opinions of nonexamining sources who have merely reviewed the medical record. Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004); Talbot v. Heckler, 814 F.2d 1456, 1463 (10th Cir. 1987) (citing Broadbent v. Harris, 698 F.2d 407, 412 (10th Cir. 1983), Whitney v. Schweiker, 695 F.2d 784, 789 (7th Cir. 1982), and Wier ex rel. Wier v. Heckler, 734 F.2d 955, 963 (3d Cir. 1984)).

"If [the Commissioner] find[s] that a treating source's opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [claimant's] case record, [the Commissioner] will give it controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); see also, SSR 96-2p, West's Soc. Sec. Reporting Serv., Rulings 111-15 (Supp. 2013) ("Giving Controlling Weight to Treating Source Medical Opinions").

The Tenth Circuit has explained the nature of the inquiry regarding a treating source's medical opinion. Watkins v. Barnhart, 350 F.3d 1297, 1300-01 (10th Cir. 2003) (citing SSR 96-2p). The ALJ first determines "whether the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques.'" Id. at 1300 (quoting SSR 96-2p). If the opinion is well-supported, the ALJ must confirm that the opinion is

6

also consistent with other substantial evidence in the record. Id. "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

If the treating source opinion is not given controlling weight, the inquiry does not end. Id. A treating source opinion is "still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927." Id. After considering the factors, the ALJ must give reasons in the decision for the weight he gives the treating source opinion. Id. 350 F.3d at 1301. "Finally, if the ALJ rejects the opinion completely, he must then give 'specific, legitimate reasons' for doing so." Id. (citing Miller v. Chater, 99 F.3d 972, 976 (10th Cir. 1996) (quoting Frey v. Bowen, 816 F.2d 508, 513 (10th Cir. 1987)).

Applying this standard, it was not error for the ALJ to fail to accord controlling weight to Dr. Lynch's opinion. The threshold for denying controlling weight is low. Soc. Sec. Ruling (SSR) 96-2, West's Soc. Sec. Reporting Serv., Rulings 113 (Supp. 2013). As the Ruling explains, evidence is "substantial evidence" precluding the award of "controlling weight," if it is "such relevant evidence as a reasonable mind would accept as adequate to support a conclusion that is contrary to the conclusion expressed in the medical opinion." Id. Here, the ALJ found that Dr. Lynch's limitations "are not consistent with the totality of the medical evidence." (R. 22). As but one example of that inconsistency, Dr. Goren opined that Plaintiff had no limitations in sitting, standing, and/or walking, and that although Dr. Lynch opined that Plaintiff was only able to stand and walk four hours in a day and sit about two hours in a day, Dr. Goren was aware of no

7

neurological disease that restricts sitting more than it does standing. (R. 56-59). Despite Plaintiff's firm conviction that Dr. Lynch is correct and that Dr. Goren is incorrect, Dr. Goren's opinion is relevant evidence which a reasonable mind might accept to support a conclusion that is contrary to Dr. Lynch's opinion. Therefore, substantial evidence supports the decision not to accord controlling weight to Dr. Lynch's opinion.

Moreover, Plaintiff has shown no error in the ALJ's relative weighing of Dr. Lynch's and Dr. Goren's opinions. The ALJ accorded Dr. Lynch's opinion only "little weight" (1) because Dr. Lynch provided an opinion on the ultimate issue of disability which is an issue reserved to the Commission, (2) because the opinion is not consistent with the totality of the medical evidence, and (3) because the opinion is not supported by Plaintiff's demonstrated level of functioning during the period at issue. Each of these reasons is a specific, legitimate reason for discounting Dr. Lynch's opinion, and each is supported by the record.

As the ALJ noted, opinions concerning issues reserved to the Commissioner, such as opinions regarding whether an impairment meets or equals a listing; plaintiff's RFC; whether a plaintiff can do past relevant work; how age, education, and work experience apply; and whether a plaintiff is disabled, will not be given any special significance or controlling weight. 20 C.F.R. §§ 404.1527(e)(2 & 3), 416.927(e)(2 & 3); SSR 96-5p, West's Soc. Sec. Reporting Serv. 123-24 (Supp. 2013); SSR 96-8p, West's Soc. Sec. Reporting Serv. 150, n.8 (Supp. 2013). The ALJ summarized the medical evidence in pages three through nine of the decision, and as he suggested except for three-day

hospitalizations in both October and December, 2008, the medical records do not demonstrate severe limitations such as opined by Dr. Lynch. (R. 16-22). Six days of hospitalization over almost two years does not demonstrate the severity of a remitting and exacerbating condition which would preclude work, especially when those six days were near the onset of the condition and where subsequent treatment does not suggest such severity. The ALJ specifically explained:

> The undersigned does note that claimant's medical symptoms dating back to her alleged onset date in October 2008 have been disabling at times, particularly during those times of acute exacerbation. However, the undersigned finds that claimant's medical condition, for no 12 consecutive-month period during the period at issue, would have been disabling so as to prevent her from performing all competitive employment.

(R. 18).

Further, the ALJ correctly noted that the record revealed medical treatment in 2009 which was very sporadic. (R. 20). Finally, although the ALJ recognized that Plaintiff "testified to a very restricted lifestyle," the record demonstrates a level of functioning which is not so severe as testified by Plaintiff or as suggested in Dr. Lynch's opinion. (R. 17, 21).

After properly discounting Dr. Lynch's opinion, the ALJ stated that he was according "more weight" to Dr. Goren's opinion because it is supported by the totality of the evidence. Once again, when the ALJ's summary of the evidence is compared with Dr. Goren's opinion and with the record evidence as discussed above, it becomes clear that the ALJ's finding is supported by the evidence.

9

Plaintiff's argument, which points to certain evidence which in her view supports Dr. Lynch's opinion or detracts from Dr. Goren's opinion, ignores the standard of review in cases such as this. The standard asks whether substantial record evidence supports the findings of the ALJ, and as noted above the record evidence here supports the ALJ's findings. Plaintiff does not demonstrate that the evidence <u>cannot</u> support the ALJ's findings. The fact that there is also evidence in the record which might support a finding contrary to that of the ALJ will not establish error in the ALJ's determination. "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. [The court] may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." <u>Lax</u>, 489 F.3d at 1084 (citations, quotations, and bracket omitted); <u>see also</u>, <u>Consolo v. Fed. Maritime Comm'n</u>, 383 U.S. 607, 620 (1966). Plaintiff has shown no error in the ALJ's evaluation of the medical opinions.

## III. The Credibility Determination

Plaintiff claims the ALJ's credibility analysis is incomplete, and implies this is so because the only factor the ALJ considered was Plaintiff's daily activities. She then explains how that in her view the record evidence supports her allegations of complaints. The Commissioner argues that the ALJ properly found Plaintiff's allegations not credible and articulated valid reasons for doing so. She argues that substantial record evidence supports the ALJ's credibility determination.

10

The court's review of an ALJ's credibility determination is deferential. Credibility determinations are generally treated as binding on review. Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990); Broadbent v. Harris, 698 F.2d 407, 413 (10th Cir. 1983). "Credibility determinations are peculiarly the province of the finder of fact" and will not be overturned when supported by substantial evidence. Wilson, 602 F.3d at 1144; accord Hackett, 395 F.3d at 1173.

Therefore, in reviewing the ALJ's credibility determinations, the court will usually defer to the ALJ on matters involving witness credibility. Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994); but see Thompson v. Sullivan, 987 F.2d 1482, 1490 (10th Cir. 1993) ("deference is not an absolute rule"). "However, '[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'" Wilson, 602 F.3d at 1144 (quoting Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988)); Hackett, 395 F.3d at 1173 (same).

Here, the ALJ summarized Plaintiff's allegations of symptoms resulting from her impairments, and stated his finding that those allegations are not credible. (R. 16). He explained his rationale, noting that Plaintiff's allegations are not "supported by the totality of the evidence," that she has little motivation to work because she must care for two young children, ages one year-old and seven-years-old, that although Plaintiff testified to a very restricted lifestyle, she completed an activity report demonstrating greater functioning, and that her reported daily activities are "inconsistent with subjective symptoms precluding all types of work. (R. 16-17).

11

Plaintiff does not argue that the ALJ's rationale is without evidentiary support. Rather, she argues that "[h]er statements regarding her limitations are accurate" (Pl. Br. 26), and points to her reports to medical providers of pain, tingling, numbness, weakness, fatigue, and loss of fine motor control. (Pl. Br. 26-27). It is the credibility of Plaintiff's statements which is at issue in a credibility determination, and Plaintiff's assertion is insufficient in itself to negate the ALJ's finding of incredibility. While it is true that the medical records contain Plaintiff's reports of pain, tingling, numbness, weakness, fatigue, and loss of fine motor control, as the ALJ explained throughout his decision, the mere fact of these symptoms does not demonstrate an inability to work except during periods of hospitalization and other acute exacerbations, which are of insufficient duration on this record to show inability to work. Again, the court notes the finding of very sporadic medical treatment in 2009.

Plaintiff also cites to medical records demonstrating abnormal MRI and other test results. (Pl. Br. 26). However, once again she does not point to authority demonstrating that the mere presence of such abnormalities demonstrates an inability to perform all work activity, and the records to which she cites do not express specific limitations in functional abilities which confirm the credibility of Plaintiff's allegations of complaints.

Without particular allegations of error in the ALJ's specific findings, and giving the ALJ's credibility determination the deference it is due, the court finds no error in the credibility determination.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated this 3rd day of March 2014, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**